IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA JAMES BALLARD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CR-22-476-PRW |

**ORDER**

Before the Court is Defendant Joshua James Ballard's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Dkt. 34), in which he asks this Court to vacate, set aside, or correct his sentence in this case. The United States filed a Response (Dkt. 40). Ballard did not Reply. Because the Motion and record conclusively show Ballard isn't entitled to relief, no hearing was held. Upon review of the parties' submissions, the Court **DISMISSES** as untimely Ballard's Motion (Dkt. 34).

***Background***

According to the Final Presentence Investigation Report ("PSR"), police officers with the Oklahoma City Police Department encountered Ballard while responding to a disturbance call at a gas station in which the reporting party reported that a running vehicle had been parked at a gas pump for over two hours.[1] Officers observed Ballard asleep in the driver's seat of the car, opened the car door, and woke him up. Ballard immediately

[1] PSR (Dkt. 23), ¶ 8.

attempted to drive away but then placed the vehicle back in park and acknowledged that he had been drinking alcohol. While removing Ballard from the vehicle, an officer observed a firearm in the driver's door compartment.[2] Ballard was charged with one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), and pleaded guilty on December 20, 2022.[3] The Court sentenced Ballard to 88 months' imprisonment.[4] Ballard did not appeal.

Ballard filed this instant Motion on June 25, 2025, by placing it in the prison mailing system.[5] In his Motion, Ballard asks the Court to vacate his sentence on six grounds: (1) lack of subject-matter jurisdiction; (2) lack of standing by the United States as plaintiff; (3) "violation of due process rights through sentencing without verified jurisdiction"; (4) ineffective assistance of counsel; and (5) violations of the Fourth Amendment arising from an unlawful arrest and search.[6] Ballard's ineffective-assistance-of-counsel claim is premised on counsel's failure to assert his various defenses, including lack of jurisdiction and lack of standing, and counsel's failure to file a motion to suppress under the Fourth Amendment. He also asserts that the prosecution suppressed material exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

---

[2] *Id.*

[3] Indictment (Dkt. 1); Min. Entry, Change of Plea Hr'g (Dkt. 12); Judgment (Dkt. 29).

[4] Judgment (Dkt. 29).

[5] Mot. to Vacate (Dkt. 34), at 7. Rule 3(d), Rules Governing 28 U.S.C. § 2255 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

[6] Mot. to Vacate (Dkt. 34), at 1.

In its Response, the Government asserts that Ballard's Motion is time-barred and that no equitable tolling applies to save it. The Government also argues that Ballard has failed to establish entitlement to relief. A declaration from Ballard's trial counsel, Marna Franklin, is attached to the Response, in which Franklin states that she investigated the possibility of a Fourth Amendment violation and ruled it out.[7]

***Discussion***

Section 2255 provides that a "prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."[8] That section also provides that a one-year period of limitation applies to § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[9]

---

[7] Franklin Decl. (Dkt. 40-1), ¶¶ 4–8.

[8] 28 U.S.C. § 2255(a).

[9] 28 U.S.C. § 2255(f).

The Court will address the timeliness of Ballard's Motion by looking at the date on which his judgment of conviction became final. Ballard has not alleged that there has ever been any government-created impediment to the filing of a motion or that any facts underlying the claims asserted in his Motion could not have been discovered until a later date. Nor do any of the grounds asserted for relief in his Motion rest on any rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Accordingly, Ballard had one year from the date on which his judgment of conviction became final to file a motion under § 2255.

The next question is when Ballard's judgment of conviction became final. The Tenth Circuit has held that when a defendant does not file an appeal of their criminal conviction, the conviction "becomes final upon the expiration of the time in which to take a direct criminal appeal."[10] Under Federal Rule of Appellate Procedure 4(b)(1), a defendant's notice of appeal must be filed within 14 days after the entry of either the judgment or the order being appealed, subject to certain exceptions not relevant here. Because Ballard's judgment was entered by the district court on March 30, 2023,[11] he had until April 13, 2023, to file a notice of appeal, and until April 15, 2024, to file a motion to vacate, set aside, or correct his sentence under § 2255. Ballard filed the instant Motion on June 25, 2025, and it is therefore untimely unless equitable tolling applies.

---

[10] *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) (citation omitted).

[11] Judgment (Dkt. 29).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[12] Ballard has not attempted to establish either of these elements in his Motion, and it does not appear from the face of the Motion that there is any way for him to meet them. Ballard has not offered any explanation as to why his Motion was filed more than 14 months after the limitations period expired. Ballard was put on notice of the timeliness issue by the Government's Response (Dkt. 40),[13] had ample time to file a Reply,[14] and did not do so within the required time period.[15] Accordingly, Ballard has not established that equitable tolling applies, and his Motion (Dkt. 34) is untimely. Because his Motion is untimely, the Court does not reach the merits of Ballard's claims.[16]

Finally, the Court must decide whether to issue Ballard a certificate of appealability ("COA"). Under Rule 11(a) of the Rules Governing § 2255 Proceedings, a district court must issue or deny a COA when it enters a final order adverse to a movant. When a district court dismisses a § 2255 motion on procedural grounds, a COA may issue only if

---

[12] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).

[13] The Response includes a Certificate of Service (Dkt. 40, at 14), stating that it was mailed to Ballard at his prison address.

[14] LCvR7.1(h) (setting a 7-day deadline to file a reply); *United States v. Jackson*, CIV-24-1114-SLP, 2025 WL 3687778, at *1 (W.D. Okla. Dec. 19, 2025) (applying LCvR 7.1(h) to a § 2255 motion). Even if that rule does not govern the reply deadline in this case, Ballard had more than 11 months to respond to the Government's timeliness argument.

[15] *Cf. Mitchell v. United States*, No. 6:09-cv-310-Orl-19GJK, 2010 U.S. Dist. LEXIS 26227, at *8–9 (M.D. Fla. Feb. 26, 2010) (finding that the petitioner had waived any timeliness argument by failing to file a reply).

[16] *Slack v. McDaniel*, 529 U.S. 473, 485 (2000) (encouraging courts to resolve dispositive procedural issues without addressing constitutional claims).

reasonable jurists would find it debatable both whether the motion states a valid claim of the denial of a constitutional right and whether the district court's procedural ruling was correct.[17] The Court concludes that reasonable jurists would not debate its determinations that Ballard's Motion is time-barred and that equitable tolling does not apply.

***Conclusion***

Ballard's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 34) is **DISMISSED** as untimely. A certificate of appealability is **DENIED**.

**IT IS SO ORDERED** this 16th day of November 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[17] *Id.* at 484.